UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 10-20572  CIV-COOKE

PIERRE CHARLES JOSEPH,

       *Petitioner*,

v.

JANET NAPOLITANO, Secretary
Department of Homeland Security,

       *Respondent*.

                                            /

## ORDER DISMISSING PETITION FOR LACK OF SUBJECT MATTER JURISDICTION

THIS CASE is before me on the Respondent's Response/Return to Petition for Writ of

Habeas Corpus [D.E. 8].  Respondent argues that this Petition should be dismissed for lack

subject matter jurisdiction.  I agree with Respondent's argument.

The Petitioner, Mr. Joseph, a native citizen of Haiti, was a lawful permanent resident of the

United States.  In July 2005, the Department of Homeland Security (DHS) initiated removal

proceedings against Mr. Joseph.  In July 2008, after denying Mr. Joseph's application for a waiver,

an Immigration Judge determined and ordered that Mr. Joseph be removed from the United States

to Haiti.  Subsequently, in August 2009, the Board of Immigration Appeals declined to reverse the

Immigration Judge's denial of Mr. Joseph's application for a waiver.  In February 2010, Mr.

Joseph filed this Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2241, alleging that

the DHS has violated his substantive and procedural due process rights in denying his application

fro a waiver.

"Notwithstanding any other provision of law (statutory or nonstatutory), including [28

U.S.C. § 2241], or any other habeas corpus provision . . . a petition for review filed with an appropriate *court of appeals* in accordance with this section shall be the *sole and exclusive* means for judicial review of an order of removal . . . ."  8 U.S.C. § 1252(a)(5) (emphases added). Here, Mr. Joseph, is essentially seeking a review of the order of removal, through a habeas petition filed in this District Court.  This Court does not have subject matter jurisdiction to hear this Petition.  *Id.*; *cf. also Madu v. U.S. Attorney Gen.*, 470 F.3d 1362, 1366 (11th Cir. 2006).

Accordingly, it is **ORDERED and ADJUDGED** that:

1.  The Petitioner's Emergency Application for a Writ of Habeas Corpus [D.E. 1] is **DISMISSED** for lack of subject matter jurisdiction.

2.  The temporary stay of removal [D.E. 5], as to Pierre Charles Joseph, is immediately **DISSOLVED**.

3.  The Clerk is directed to **CLOSE** this case.

**DONE and ORDERED** in chambers, at Miami, Florida, this 14th day of April 2010.

_____
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*Ted E. Bandstra, U.S. Magistrate Judge*
*Counsel of record*